# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. _____

SUNBELT RENTALS, INC.,

    Plaintiff,

v.

MASONRY & CONSTRUCTION SERVICES, INC.,
LEVI MONTOYA,

    Defendants.

---

## COMPLAINT

---

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt") files this Complaint against Defendants Masonry & Construction Services, Inc. (hereinafter "Masonry") and Levi Montoya (hereinafter "Mr. Montoya").

### PARTIES

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina, but it operates throughout the country, including Florida.

2. Defendant Masonry is a corporation formed under the law of Florida. Masonry's principal place of business is located at 13542 N. Florida Avenue, Suite 211-A, Tampa, FL 33613, according to the Florida Secretary of State's website. Also, according to this website, the registered agent for this entity is Levi Montoya, located at the same address as Masonry.

3. Defendant Levi Montoya is a resident citizen of the State of Florida.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs.

5. This Court has personal jurisdiction over Defendants because they conduct and transact business in the State of Florida and are citizens of the State of Florida.

## VENUE

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendants are resident citizens of this jurisdiction and conduct and transact business in this jurisdiction.

## FACTS

7. Sunbelt rents equipment to its customers for use in construction projects and other projects.

8. Masonry is a construction company.

9. Masonry entered an Application for Credit and Rental Agreement ("Agreement") with Sunbelt on August 8, 2016, a true and correct copy of which is attached hereto as **Exhibit A**. Exhibit A, Application for Credit and Rental Agreement.

10. By entering into this Agreement, Masonry also agreed to additional Sunbelt terms and conditions, ("Additional Terms and Conditions") which are located within the Agreement (¶ 1) and available at www.sunbeltrentals.com/About/pdf/SunbeltContract.pdf. A true and correct copy of the Additional Terms and Conditions is attached hereto as **Exhibit B**.

11. Pursuant to the Agreement, Mr. Montoya executed a personal guaranty. *See* Exhibit A.

12. Sunbelt's approval of the Agreement established an open account through which Masonry could rent equipment from Sunbelt on credit.

13. Masonry also agreed to the Additional Terms and Conditions when it accepted each piece of Equipment and received each invoice. *See* Exhibit A, ¶ 1, § c ("(c) the Rental Contract terms are deemed incorporated into and made a part of this Agreement and each and every rental/sale of equipment and/or provision of labor furnished to Customer, whether or not Customer executes each Rental Contract;…").

14. In 2019, Masonry rented certain equipment (the "Equipment") from Sunbelt.

15. Beginning on July 1, 2019, Masonry became overdue on rental payments for the Equipment.

16. A true and correct copy of the unpaid invoices (the "Invoices") reflecting the rental charges and late fees for the Equipment are attached as **Exhibit C**.

17. The Agreement (¶ 2) and the Additional Terms and Conditions (§ 12) provide for service charges that accrue at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

18. The account summary for Masonry (the "Account Summary"), a true and correct copy of which is attached hereto as **Exhibit D**, reflects that as of October 16, 2019, the unpaid principal amount of the Invoices totaled $66,230.04 and the service charges of 1.5% accrued through July 4, 2020, total $10,178.52, making the overall total of invoices and service charges equal $76,408.56, which exceeds the jurisdictional limit of this Court.

19. This amount establishes that this dispute exceeds the jurisdictional minimum. Moreover, Masonry continues to incur service charges.

20. The Agreement (¶ 2) also provides that Sunbelt can recover its reasonable attorneys' fees, not exceeding 15% of the outstanding balance, plus costs, and expenses that it incurs to collect the amounts that Masonry owes to Sunbelt.

### CLAIM 1 – BREACH OF CONTRACT: MASONRY CONSTRUCTION

21. Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this complaint.

22. The Agreement, the Additional Terms and Conditions, and the Invoices constitute the contract between Sunbelt and Masonry.

23. Despite proper demand, Masonry breached that contract by failing to pay Sunbelt for its rental of the Equipment.

24. Sunbelt suffered damages because of Masonry's breach of contract.

### CLAIM 2 – BREACH OF CONTRACT: LEVI MONTOYA

25. Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this complaint.

26. Mr. Montoya executed a guaranty binding himself to pay for the sums due by Masonry. *See* Exhibit A.

27. Despite proper demand, Mr. Montoya breached the guaranty by failing to pay Sunbelt for Masonry's rental of the Equipment.

28. Sunbelt suffered damages because of Mr. Montoya's breach of contract.

### CLAIM 3 – ACTION ON OPEN ACCOUNT

29. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this complaint.

30. Sunbelt provided a series of services to Masonry by enabling Masonry to rent equipment on an open account, and an unsettled debt was generated.

31. Sunbelt expected that additional transactions whereby Masonry would continue to rent equipment would be generated if Masonry had timely paid.

32. The unsettled debt remains unresolved as evidenced in the Account Summary in Exhibit D.

### CLAIM 4 – UNJUST ENRICHMENT

33. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this complaint.

34. Sunbelt rented the Equipment to Masonry.

35. Masonry did not pay to Sunbelt any of the rental charges for the Equipment, and it would be unjust for Masonry to retain the benefit of such Equipment without paying for the same.

36. Accordingly, Masonry is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor granting the following relief against Masonry and Mr. Montoya: (i) the unpaid principal amount of the Invoices and the service charges that have accrued to date; (ii) service charges that will continue to accrue until the unpaid principal amount of the Invoices is fully collected; (iii) attorneys' fees and other costs and expenses Sunbelt has incurred and will continue to incur to collect the amounts owed to Sunbelt; (iv) pre-judgment interest; (v) post-judgment interest; and (vi) any other and further relief that this Court deems just and proper.

Respectfully submitted this 7th day of July, 2020.

**BUTLER SNOW LLP**

By: */s/ M. Elizabeth Roper*
M. ELIZABETH ROPER (FL Bar No. 0100795)

Trial Counsel

OF COUNSEL:

Butler Snow LLP
M. Elizabeth Roper (FL Bar No. 0100795)
1020 Highland Colony Parkway, Suite 1400 (39157)
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(T) 601-948-5711
(F) 601-985-4500
(E) beth.roper@butlersnow.com

52909349.v1

6