UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNBELT RENTALS, INC.,**

    **Plaintiff,**

v.          Case No.: 8:20-cv-1539-T-60AAS

**MASONRY & CONSTRUCTION SERVICES, INC., and LEVI MONTOYA,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Sunbelt Rentals, Inc. (Sunbelt) moves for default judgments against Masonry & Construction Services, Inc. (Masonry) and Levi Montoya (collectively, the defendants) under Federal Rule of Civil Procedure 55(b). (Docs. 14, 16). The undersigned **RECOMMENDS** Sunbelt's motions be **GRANTED**.

**I.   BACKGROUND**

Sunbelt sues the defendants for breach of contract, action on open account, and unjust enrichment. (Doc. 1). The Clerk of Court entered defaults under Federal Rule of Civil Procedure 55(a) against the defendants for failure to respond to the complaint. (Docs. 14, 16). Sunbelt now moves for default judgments. (Docs. 14, 16). The defendants did not respond to Sunbelt's motions.

**II.   ANALYSIS**

A defendant who defaults is deemed to have admitted all well-pleaded

1

allegations of fact in a complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). A court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Complaints need not contain detailed factual allegations, but there must be "more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Judgments against Masonry and Mr. Montoya[1]

Sunbelt rents construction equipment. (Doc. 1, ¶ 8). The defendants executed an Application for Credit & Rental Agreement (the contract). (Doc. 1-1). Masonry executed the contract and Mr. Montoya personally guaranteed its terms. (Id., p. 2). The contract established an open account that Masonry could rent equipment from Sunbelt on credit. (Doc. 1, ¶ 9). Masonry thereafter rented equipment from Sunbelt but did not pay. (Doc. 1, ¶¶ 14, 16; Doc. 1-3).

To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages. *See Murciano v. Garcia*, 958 So.2d 423 (Fla. 3d DCA 2007). The parties entered into a contract and

---

[1] The facts presented in the motions are supported by the allegations in the complaint and by Catherine Hargis's declaration. (Docs. 14-1, 16-1). Ms. Hargis is employed by Sunbelt's Corporate Credit & Collections Department. (*Id.*).

2

the defendants breached the contract by failing to pay Sunbelt for the rented equipment. Sunbelt is entitled to damages arising from the defendants' breach. *See MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 223 (Fla. 2008).[2]

### B.   Damages

Sunbelt requests recovery of the unpaid principal, service charges, prejudgment interest, post-judgment interest, and attorney's fees and costs. (Docs. 15, 17). Because the defendants failed to make payments under the contract, Sunbelt should be awarded the unpaid principal of $66,230.04. (Doc. 1-4).

The court will now address Sunbelt's other damages requests.

#### i.   Service Charges

According to the contract terms, a 1.5% per month service charge accrues on delinquent invoices until paid. (Doc. 1-1, p. 2). The services charges accrued as of October 23, 2020, are $13,803.94.21. (Doc. 14-1, Ex. A). Service charges will continue to accrue until the defendants pay the unpaid principal.

Sunbelt should therefore be awarded service charges accrued through October 23, 2020 of $13,803.94, and additional service charges accruing until the unpaid principal is collected.

---

[2] The court need not address Sunbelt's claims for action on an open account and unjust enrichment because they are pleaded in the alternative. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) (citing *Hazen v. Cobb-Vaughan Motor Co.*, 96 Fla. 151, 117 So. 853, 857–58 (Fla. 1928)).

### ii. Prejudgment and Post-judgment Interest

Sunbelt requests an award of $4,080.62 in prejudgment interest accrued through October 23, 2020, and post-judgment interest under 28 U.S.C. § 1961(a). (Docs. 14, 16).

Sunbelt, as the successful claimant, is entitled to prejudgment interest on its breach of contract claim. In diversity cases, the court follows Florida state law governing the award of prejudgment interest. *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984). According to the Florida Supreme Court, a plaintiff is entitled to prejudgment interest as a matter of law. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). Florida courts allow an award of prejudgment interest in cases involving contract, tort, unjust enrichment, and fraudulent inducement claims. *See Bosem v. Musa Holdings, Inc.*, 46 So.3d 42 (Fla. 2010).

Without a special contract for the prejudgment rate, the rate of interest is stated in § 55.03, Fla. Stat. *IberiaBank v. Coconut 41*, LLC, 984 F. Supp. 2d 1283, 1299 (M.D. Fla. 2013) (citing Fla. Stat. § 687.01). Under § 55.03, Fla. Stat., the applicable prejudgment interest rate is 6.03% per annum.

Prejudgment interest accrues from the date of the loss, or accrual of the action, and is an element of damages until final judgment is rendered. *IberiaBank*, 984 F. Supp. 2d at 1299 (citing *Bel–Bel Intern. Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998)). Using the compounded interest method, Sunbelt

4

calculates prejudgment interest from the date of the delinquent invoices through October 23, 2020:

| | |
|---|---|
| Unpaid Principal Amount | $66,230.04 |
| Annual Interest ($66,230.04 x 6.03%) | $3,993.67 |
| Daily Interest ($3,993.67 ÷ 365 days) | $10.94 |
| Days from Due Date of Last Invoice, (10/16/19-10/23/20) | 373 days |
| Prejudgment Interest as of 10/23/20 ($10.94 daily x 373) | $4,080.62 |

Sunbelt should therefore be awarded prejudgment interest of $4,080.62 accrued through October 23, 2020, and interest accruing through the date of judgment.

The court now turns to Sunbelt's post-judgment interest request. In a diversity case, "the Eleventh Circuit has held that the district court should apply the federal interest statute." *Whitwam v. JetCard Plus, Inc.*, No. 14-CIV-22320, 2014 WL 6433226, at *1 (S.D. Fla. Nov. 13, 2014) (citing *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991)). Under 28 U.S.C. § 1961, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("post-judgment interest properly runs from the date of the entry of judgment").

Sunbelt should therefore be awarded post-judgment interest accruing on the date of the entry of judgment.

### C. Attorney's Fees and Costs

Under Florida law, attorney's fee provisions in contracts are enforceable. *See, e.g.*, *Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406 (Fla. 1999). Based on the contract's attorney's fees provision, Sunbelt requests an award of its reasonable attorney's fees and costs.

Under the contract, the defendants agreed "to pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all reasonable expenses incurred by Sunbelt in exercising any of Sunbelt's rights and remedies." (Doc. 1-1, p. 2). Sunbelt should therefore be awarded its reasonable attorney's fees and costs incurred in this action. The amount of attorney's fees and costs should be requested by separate motion with supporting documentation.

### III. CONCLUSION

It is **RECOMMENDED** that Sunbelt's Motions for Default Judgment (Doc. 14, 16) be **GRANTED** and judgment be entered for Sunbelt and against the defendants. Sunbelt should be awarded: (1) the unpaid principal of $66,230.04; (2) service charges accrued through October 23, 2020 of $13,803.94, and additional service charges accruing until the unpaid principal is collected; (3) prejudgment interest of $4,080.62 accrued through October 23, 2020, and accruing through the

date of judgment; (4) post-judgment interest under 28 U.S.C. § 1961(a); and (5) and reasonable attorney's fees and costs in an amount determined by separate order.

**ENTERED** in Tampa, Florida on December 17, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

Copies to:

Jefferson F. Riddell, Registered Agent
3400 S. Tamiami Trail
Sarasota, FL 34239

7

Casey Key Fish House, Inc.
801 Blackburn Point Rd.
Osprey, FL 34229