**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SUNBELT RENTALS, INC.,**

**Plaintiff,**

**v.** **Case No.: 8:20-cv-1539- TPB-AAS**

**MASONRY & CONSTRUCTION SERVICES, INC., and LEVI MONTOYA,**

**Defendants.**

**______________________________________/**

**REPORT AND RECOMMENDATION**

Sunbelt Rentals, Inc. (Sunbelt) moves for an award of attorney's fees and expenses against Masonry & Construction Services, Inc., and Levi Montoya (collectively, the defendants) joint and severally. (Doc. 22). The defendants did not respond to Sunbelt's motion and the time for doing so has passed. It is **RECOMMENDED** that Sunbelt's motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Sunbelt sued the defendants for breach of contract, action on open account, and unjust enrichment. (Doc. 1). The Clerk of Court entered defaults under Federal Rule of Civil Procedure 55(a) against the defendants for failure

to respond. (Docs. 12, 13). Sunbelt moved for default judgments. (Docs. 14, 16).

District Judge Thomas P. Barber adopted the undersigned's report and recommendation and granted Sunbelt's motions for default judgment. (Docs. 18, 19). Judge Barber directed the Clerk to enter final default judgment for Sunbelt and against the defendants for: (1) unpaid principal of $66,230.04; (2) service charges accrued through October 23, 2020 of $13,803.94, and additional service charges accruing until the unpaid principal is collected; (3) prejudgment interest of $5,076.16 accrued through the date of the judgment; and (4) post-judgment interest under 28 U.S.C. § 1961(a). (*Id.*). The court also held Sunbelt may recover its reasonable attorney's fees and expenses by separate motion. (*Id.*). The Clerk entered final judgment for Sunbelt and against the defendants. (Doc. 20).

Sunbelt now moves for an award of its reasonable attorney's fees and expenses against the defendants jointly and severally. (Docs. 22, 23).

## II. ANALYSIS

### A. Attorney's Fees

Florida law governs the award of attorney's fees in this diversity action. *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). Under Florida law, attorney's fee provisions in contracts are

enforceable. *See, e.g.*, *Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406 (Fla. 1999). Under the contract, the defendants agreed,

> to pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all reasonable expenses incurred by Sunbelt in exercising any of Sunbelt's rights and remedies.

(Doc. 23-1, p. 2).

When, as here, "a fee-shifting ... contract triggers a court-awarded fee, the trial court is constrained [under Florida law] in setting a fee that must be reasonable." *First Baptist Church of Cape Coral, Fla., Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 982 (Fla. 2013). Florida courts use the "lodestar method" in calculating what is a reasonable attorney's fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985)). This "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-cv-2290-T-36MAP, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more

appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2016 WL 3944033, at *3 (S.D. Fla. Jan. 15, 2016) (citing *Rowe*, 472 So. 2d at 1151).

In determining the lodestar figure, Florida courts consider these factors:

(1) The time and labor required, the novelty and difficulty of the question(s) involved, and the skill requisite to properly perform the legal service(s).
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved, and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer(s) performing the services.
(8) Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150; *see also Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830 n.3 (Fla. 1990)).

The fee applicant bears the burden of proving the reasonableness of both the hourly rates requested and the time expended. *Rowe*, 472 So. 2d at 1151. To satisfy the latter requirement, "the attorney fee applicant should present records detailing the amount of work performed" and should "claim only those

hours that he [or she] could properly bill to his [or her] client." *Id.* at 1150.

"[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The outstanding balance owed to Sunbelt is $85,110.14, which includes the principal balance, service charges, and pre--judgment interest. (Doc. 19). The contract limits Sunbelt's maximum award to 15% of the outstanding balance owing, which is $12,766.52, the amount requested by Sunbelt. (Doc. 22).

Sunbelt's counsel's hours and hourly rates[1] from June 29, 2020 through February 21, 2021 are summarized:[2]

---

[1] Sunbelt noted that the law firm's across-the-board courtesy discounts to Sunbelt resulted in the reduction of the regular hourly rates by 19.47%. (Doc. 23-2, Ex. 3). Sunbelt refers to these rates as the "effective" rates. This chart, however, includes the lawyers' and paralegal's regular hourly rates.

[2] Although this chart does not represent the exact calculations of time in Sunbelt's motion and Attorney Roper's declaration, this chart aggregates these timekeepers'

| Timekeeper[3] | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney Roper | 0.9 | $230.00 | $207.00 |
| Attorney Kimball | 12.2 | $405.00 | $4,941.00 |
| Attorney Fields | 10.0 | $235.00 | $2,350.00 |
| Attorney Gregory | 9.0 | $280.00 | $2,520.00 |
| Attorney Smith | 5.6 | $235.00 | $1,316.00 |
| Attorney Comes | 3.5 | $295.00 | $1,032.50 |
| Attorney Schrack | 10.6 | $235.00 | $2,491.00 |
| Paralegal Evans | 7.8 | $220.00 | $1,716.00 |
| **Total** | | | **$16,573.50** |

(Doc. 23-2, pp. 5-25).

**1. Reasonableness of Hours Expended**

The lodestar method first requires a determination of the number of hours reasonably expended on the litigation. *Rowe*, 472 So. 2d at 1150. "'Reasonably expended' means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute." *Thermoset*, 2016 WL 3944033, at *5 (quoting *Centex-Rooney Constr. Co. v. Martin Co.*, 725 So. 2d 1255, 1258 (Fla. 4th DCA 1999)). Courts may reduce the number of hours claimed to account for services that were excessive, unnecessary, or inadequately documented. *Rowe*, 472 So. 2d at 1150; *Norman*,

time in the June 2020 through December 2020 billing invoices plus the 2021 time that has not yet been invoiced. (*See* Doc. 23-2, pp. 5-25).

[3] Sunbelt's papers do not address specifically the time billed by Attorneys Smith, Comes, and Schrack. Because Attorneys Smith, Comes, and Schrack are included in the billing records, the court includes them in the chart.

836 F.2d at 1301.

After examining the time entries, the court finds that some of the requested hours are excessive. Seven attorneys and one paralegal billed almost sixty hours in collection efforts that included preparing a six-page complaint, obtaining a default judgment, and moving for an award of attorney's fees and costs. The record includes no evidence this action required a specialized or sophisticated level of skill. This was a straightforward case resolved in Sunbelt's favor without discovery, trial, or any litigation beyond filing a complaint, a motion for a clerk's default, and a motion for default judgment.

Although the heavily redacted time entries make it difficult to determine the exact work performed,[4] the unredacted entries reveal the hours billed are excessive. (*See* Doc. 23-2, pp. 5-25). Before Sunbelt filed its short, simple breach of contract complaint on July 7, 2020, Sunbelt's counsel billed over nineteen hours of work. (*Id.* at pp. 6-11). The defendants failed to appear or otherwise respond to the complaint, and Sunbelt then filed a short, simple motion for clerk's default on September 10, 2020. Between filing the complaint and moving for clerk's default, Sunbelt's counsel billed over fifteen more hours. (*Id.*

---

[4] For example, the billing invoices include descriptions such as: "Study update re [redaction];" "Review file to determine [redaction];" and "Provide update on [redaction]." (*See* Doc. 23-2, pp. 5-25).

at pp. 6-18). Sunbelt moved for default judgment on October 27, 2020, and the defendants did not respond. Sunbelt's only other filing is this action motion for attorney's fees and expenses, which are compensable under the contract.

Notably, the law firm's routine courtesy adjustments (which resulted in an effective adjustment of almost 20% off all timekeepers' hourly rates) imply an awareness of duplicative efforts and inefficiencies. Considering those duplicative efforts and inefficiencies and the limited litigation in this case, the court finds a 40% reduction (i.e., double the courtesy adjustment) is appropriate. *See Eldredge v. EDCare Mgmt., Inc.*, 766 F. App'x 901, 911 (11th Cir. 2019) (affirming district court's 25% across-the-board reduction to the fees charged given the "straight-forward tasks" involved); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017) (affirming across the board 40% reduction to account for excessive redaction and clerical nature of the work). A 40% reduction results in the $16,573.50 being reduced to **$9,944.10**.

**2. Reasonableness of Hourly Rates**

"The second part of the lodestar equation requires the court to determine a reasonable hourly rate for the services of the prevailing party's counsel." *Pawloski*, 2014 WL 3887513, at *2; *see also Rowe*, 472 So. 2d at 1150-51

(discussing factors relevant to the hourly rate evaluation).

The court considers declaration of Attorney Roper, attorney's fee awards in comparable cases in the relevant legal community, and the court's own knowledge and experience about reasonable and proper fees. The regular hourly rates sought—ranging from $220.00 to $405.00—follow those charged for similar work in this geographic area. *See Castro v. Capital One Servs., LLC*, No. 8:16-CV-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017), report and recommendation adopted, No. 8:16-CV-889-T-17TGW, 2018 WL 276126 (M.D. Fla. Jan. 2, 2018). Thus, these hourly rates are reasonable and compensable.

**B. Expenses**[5]

Under the contract, the defendants agreed "to pay all costs and expenses of collection, . . . , *plus* all reasonable expenses incurred by Sunbelt in exercising any of Sunbelt's rights and remedies." (Doc. 23, Ex. A) (emphasis added).

According to the Sunbelt's counsel's invoices, Sunbelt incurred these expenses:

i. $400.00 for "Filing Fees."

[5] Sunbelt's motion does not address its expenses, but the expenses are recoverable under the contract and the billing invoices include an itemization of the expenses.

ii. $390.00 for aggregate "Server Processing" on 7/15/20, 7/27/20, 8/5/20, and 8/10/20.

iii. $4.60 for "Image Reproduction 46 Page(s)."

iv. $0.30 for the aggregate of "Pacer Expense[s]" on 7/31/20 and 9/30/20.

(Doc. 23-2, pp. 9, 13, 16, 19). These expenses appear reasonable for Sunbelt in exercising its rights and remedies under the contract. Therefore, Sunbelt should be awarded **$794.90** in reasonable expenses.

## III. CONCLUSION

It is **RECOMMENDED** that Sunbelt's Motion for Attorney's Fees and Expenses (Doc. 22) be **GRANTED in part and DENIED in part** and Sunbelt should be awarded **$10,739.00** in reasonable attorney's fees and expenses against the defendants jointly and severally.

**ENTERED** in Tampa, Florida, on April 29, 2021.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

Copies to:

Jefferson F. Riddell, Registered Agent
3400 S. Tamiami Trail
Sarasota, FL 34239

Casey Key Fish House, Inc.
801 Blackburn Point Rd.
Osprey, FL 34229